**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY AMAKER,**

                            **Plaintiff,**

                  **-v-**                                            **10-CV-0464A(Sr)**

**BRIAN S. FISCHER, et al.,**

                            **Defendants.**

---

**DECISION AND ORDER**

This matter has been referred to the undersigned, pursuant to 28 U.S.C. §636(b)(1)(A)-(C), for, among other things, supervision of discovery, hearing and disposition of all non-dispositive motions or applications, supervision of all procedural matters and to hear and report upon dispositive motions for consideration by the District Judge. (Docket No. 9.)

On July 7, 2010, the Court (Hon. Charles J. Siragusa), entered an order granting plaintiff permission to proceed *in forma pauperis*, and directing the Clerk of the Court to cause the United States Marshals Service to serve the summons and complaint on the named and identified defendants. Summons were issued on July 23, 2010, and, to date, summons have been returned "executed" for defendants Bezio (Docket No. 5), and Paulisczak (Docket No. 6). Defendants Bezio, Croston, Fischer, Kearney, LeClair, Paulisczak, Rylnlewicz and Will have filed a motion to dismiss the complaint (Docket No. 7). There are no entries on the docket sheet related to service on defendants Robert Kirkpatrick, Sgt. Johnson, Lt. Keenan, Dep. Supt. Sticht, and C.O. N. Croce.

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747, at ** 55-56 (S.D.N.Y. Feb. 7, 2005) ("Once plaintiff provided the Marshal's Service with the information required to serve his complaint, he was absolved of further responsibility for service."). Here the Court granted plaintiff permission to proceed *in forma pauperis* and, therefore, it was the Court's responsibility to effect service upon defendants as long as plaintiff properly identified them. Summons were issued as to all the named defendants on July 23, 2010, and, to date, it appears that service has not been effected on, at least, defendants Kirkpatrick, Johnson, Keenan, Sticht, and Croce.[1]

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon defendants Kirkpatrick, Johnson, Keenan, Sticht, and Croce an additional 120 days. Fed.R.Civ.P. 4(m); *see Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)); *Rivera,* 2005 U.S. Dist. LEXIS 2747, at * 56 n. 28 (numerous circuit courts have held that as long as the inmate provides the information necessary to identify the defendant, the Marshals Service

---

[1] N.Y.C.P.L.R. § 312-a(b), which is the method of service the Marshal Service utilizes in this District, provides that service is not "complete" until the defendant returns the signed acknowledgment of receipt of service to the Marshals Service.

failure to effect service constitutes "good cause" to extend time for service under Rule 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir.2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause.").

There are also a number of "John," "Jim," "Bob," "Frank," and "Cary" Doe defendants named in the complaint. Plaintiff is directed to identify the "Doe" defendants through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendant(s) as soon as he has been identified.

IT IS HEREBY ORDERED that the Clerk of the Court is again directed to cause the United States Marshal to serve the summons and complaint, this Order, and the Order entered July 7, 2010 (Docket No. 3), on defendants Kirkpatrick, Johnson, Keenan, Sticht, and Croce, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

DATED: Buffalo, New York
January 24, 2011

　H. Kenneth Schroeder, Jr.　
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

3