UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY AMAKER,

                      Plaintiff,

      v.                                    DECISION AND ORDER
                                               10-CV–464

BRIAN S. FISCHER, ET AL.,

                      Defendants.

      The instant case involving causes of action pursuant to 42 U.S.C. §1983 ("Section 1983") was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. §636(b)(1). Plaintiff, who is proceeding *pro se*, is asserting constitutional violations arising from incidents that occurred during his incarceration at Wende Correctional Facility. Defendants filed motions to dismiss Plaintiff's complaint pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. Nos. 7 and 27)

      On September 29, 2011, Magistrate Judge Schroeder issued a Report, Recommendation and Order recommending that Defendants' motions to dismiss be granted. (Dkt. No. 34) Specifically, Magistrate Judge Schroeder found: (1) that Plaintiff had failed to allege a viable claim under the Eighth Amendment since he was never actually subjected to double bunking in violation of Defendants' policy; (2) that Plaintiff could not state a claim for excessive force since his

complaint did not allege any physical contact during the incident in which he objected to double bunking and was placed in the special housing unit ("SHU"); (3) that Plaintiff cannot state a due process claim since he was found not guilty at the disciplinary hearing; (4) that Plaintiff's allegations that Defendants intentionally pulled Plaintiff's dreadlocks during the course of a frisk and forcefully threw Plaintiff into his cell do not rise to the level of a constitutional violation since the Eighth Amendment does not apply to claims of *de minimis* physical force; and (5) that Plaintiff's allegations of retaliatory transfer were conclusory and failed to state a claim upon which relief may be granted. *Id*.

On January 12, 2012 Plaintiff filed objections to Magistrate Judge Schroeder's Report and Recommendation. (Dkt. No. 39) Defendants filed a response to Plaintiff's objections on February 1, 2012. (Dkt. No. 41) On March 8, 2012, Plaintiff filed a request for an extension of time to submit a response to Defendants' objections. (Dkt. No. 42) On April 25, 2012, Plaintiff submitted a reply to Defendants' response to Plaintiff's objections as well as a proposed amended complaint. (Dkt. Nos. 43 and 43-1) On October 31, 2012, Plaintiff filed a request asking this Court to consider the proposed amended complaint, which he had submitted along with his objections on April 25, 2012. (Dkt. No. 44)

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review, and after reviewing the

2

submissions from the parties, the Court hereby adopts Magistrate Judge Schroeder's recommendation granting Defendants' motions to dismiss Plaintiff's initial complaint dated June 7, 2010.

Because Plaintiff is proceeding *pro se*, the Court will treat Plaintiff's April 25, 2012 and October 31, 2012 submissions as a motion to amend his complaint pursuant Federal Rule of Civil Procedure 15, and will treat the allegations in Documents 43 and 43-1 as Plaintiff's proposed amendments.

Plaintiff is beyond the time period within which he may amend his complaint as a matter of course. However, Rule 15 provides that, in all other cases, "a party may amend its pleading only with the opposing party's consent or the court's leave." *See* Fed. R. Civ. Pro. 15(a)(2). Rule 15 also instructs that "the Court should freely give leave where justice so requires." *Id*. The Second Circuit has held that a court, "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698 (2d. Cir. 1991); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999).

With respect to Plaintiff's second and third causes of action, the Court finds that an amendment would be futile. Plaintiff offers no new allegations as to his Eighth Amendment claim arising from Defendants' pulling his dreadlocks and forcefully throwing him into his cell. Thus, for the reasons set forth in Magistrate Judge Schroeder's Report, Recommendation and Order, Plaintiff's request to

3

amend his second cause of action is denied.

As to Plaintiff's third cause of action, Plaintiff alleges, for the very first time, that he was transferred to Southport Correctional Facility on February 16, 2010, "only 2 weeks after filing a lawsuit against both defendants Fischer and LeClaire." (Dkt. No. 43)  Even if the Court were to find that these allegations demonstrated a causal connection, Plaintiff has still failed to plead a cause of action for retaliatory transfer since he has alleged no specific facts suggesting that defendants Fischer or LeClaire were personally involved in the decision to transfer him.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d. Cir. 1994) (personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under Section 1983); *Black v. Coughlin*, 76 F.3d 72, 74 (2d. Cir. 1996) (supervisory officials may not be held liable under Section 1983 merely because they held a position of authority).  Thus, for the reasons set forth in Magistrate Judge Schroeder's Report, Recommendation and Order, and for the reasons stated herein, Plaintiff's request to amend his third cause of action is also denied.

Finally, Plaintiff contends that he should be permitted to amend his first cause of action because, since the filing of his initial complaint, he has learned that Defendant Kearney conducted a disciplinary hearing against Plaintiff, in Plaintiff's absence.  Plaintiff alleges that this disciplinary hearing resulted in Plaintiff spending six months of disciplinary confinement in SHU or keeplock.  Plaintiff alleges that he was denied the right to appear at his own disciplinary

4

hearing, call witnesses and present evidence on his own behalf, and timely appeal from the hearing determination. These factual allegations were not asserted in Plaintiff's initial complaint.

The Fourteenth Amendment to the Constitution provides that "no state shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1. Although an inmate's liberty interest is severely curtailed while incarcerated, they are "nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations such as loss of good-time credit or special confinement that imposes an atypical hardship." *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974). The procedural due process protections afforded to inmates include: advance written notice of the charges against them, a hearing affording the inmate a reasonable opportunity to call witnesses and present documentary evidence, a fair and impartial hearing officer, and a written statement of disposition which includes the evidence relied upon and the reason for the disciplinary action taken. *Sira v. Artuz*, 380 F.3d 57 (2d. Cir. 2004).

Taking into consideration the standard set forth by the Second Circuit in considering motions to amend by *pro se* litigants, a district court should freely grant leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Here, there is an indication that Plaintiff may have stated a claim for violation of his due process rights when a

disciplinary hearing against him, which resulted in six months of special confinement, was conducted in his absence. Thus, the Court will grant Plaintiff leave to amend his complaint with respect to his first cause of action only.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report, Recommendation and Order and for the reasons stated herein, Defendants' motions to dismiss (Dkt. Nos. 7 and 27) are granted and Plaintiff's initial complaint is dismissed.

Plaintiff's motions to amend his complaint (Dkt. Nos. 43 and 44) are granted in part and denied in part. Plaintiff's motion to amend is denied with respect to his second and third causes of action, and those claims will be dismissed in their entirety and with prejudice. Plaintiff is granted leave to file an amended complaint with respect to his first cause of action only.

Plaintiff is instructed to submit an amended complaint, which sets forth the factual allegations supporting his first cause of action only, on or before May 20, 2013. The case is referred back to Magistrate Judge Schroeder for further proceedings.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 25, 2013