UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY AMAKER,

               Plaintiff,

        -v-                                           10-CV-0464A(Sr)

BRIAN S. FISCHER, et al.,

               Defendants.

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #9.

By Decision and Order entered March 25, 2013, the Hon. Richard J. Arcara adopted this Court's Report, Recommendation and Order and dismissed plaintiff's complaint without prejudice to filing an amended complaint to allege recently discovered facts supporting a claim of denial of due process during the course of a prison disciplinary hearing conducted in plaintiff's absence by Captain Kearney at the Wende Correctional Facility ("Wende"). Dkt. #45, pp.4-6.

Currently before the Court is defendants' third motion to dismiss plaintiff's *pro se* complaint. Dkt. #50. For the following reasons, it is recommended that the motion be granted in part.

## BACKGROUND

Plaintiff filed an amended complaint on May 23, 2013 seeking compensatory and punitive damages as well as expungement from plaintiff's disciplinary records of a guilty determination on charges of refusing a direct order and refusing assignment to a double bunk which resulted in the imposition of 180 days confinement to the Special Housing Unit ("SHU"). Dkt. #48. Plaintiff's amended complaint alleges the following relevant facts:

1. Plaintiff was released from SHU on May 14, 2010.

2. After entering A-block at Wende at approximately 8:00 p.m., plaintiff was told to double cell. After refusing to double cell, the plaintiff was returned to SHU.

3. On May 18, 2010, plaintiff was interviewed by his assigned assistant, C.O. Croce. Plaintiff requested that C.O. Croce interview Deputy Superintendent Sticht and obtain: (1) a memorandum from plaintiff's file authored by Deputy Superintendent Sticht which states that plaintiff should not be placed in a double cell; and (2) a transcript of a disciplinary hearing from November of 2005 in which then Captain Sticht found plaintiff not guilty of refusing to double bunk and assured plaintiff that he should not be placed in a double cell. C.O. Croce failed to provide the requested assistance.

4. On May 22, 2010, at approximately 9:55 a.m., while using the bathroom, C.O. Croston and C.O. Rynlewicz told plaintiff to get ready for a hearing. Plaintiff informed them he was using the bathroom defecating. Once he finished, C.O. Croston and C.O. Rynlewicz took plaintiff out of his cell and proceeded to pat frisk him. During the pat frisk, plaintiff's hair was pulled

by C.O. Croston and when plaintiff protested, he was told by C.O. Rynlewicz, "shut up, he did not pull your hair," and then returned plaintiff to his cell.

5. Plaintiff filed a grievance (#WDE-32889-10), which was investigated by Lt. Keenan.

6. Plaintiff requested that Lt. Keenan review and preserve the videotape of C.O. Croston and C.O. Rynlewicz pat frisking him outside of his cell and also asked Inmate Record Coordinator ("IRC"), Joyce Krygier to preserve the videotape.

7. In retaliation for plaintiff filing a grievance against them, C.O. Croston and C.O. Rynlewicz issued a misbehavior report against plaintiff regarding the pat frisk on May 22, 2010.

8. On May 28, 2010, plaintiff wrote to SHU Director Bezio about his confinement in SHU and not being released or called to the hearing within fourteen days.

9. After being informed that his hearing regarding the May 14, 2010 incident had been held without his presence, plaintiff submitted an appeal to SHU Director Bezio on June 4, 2010.

10. Plaintiff requested production of the videotape as exculpatory evidence at his disciplinary hearing regarding the May 22, 2010 incident, but the hearing was postponed and the disciplinary charges apparently dismissed.

11. On or about July 6, 2010, plaintiff received an appeal decision from Albert Prack, Acting Director of Special Housing/Inmate Disciplinary Programs, which affirmed Captain Kearney's May 22, 2010 hearing determination despite Captain Kearney's failure to allow the plaintiff to be present, call witnesses or present evidence and despite the fact that plaintiff did

> not receive a written disposition or statement of evidence relied upon and that the videotape was not preserved.
>
> 12. On or about July 11, 2010, plaintiff was informed by Sgt. Post at the Southport Correctional Facility that he was subject to 180 days in SHU as well as loss of all privileges such as phones, commissary and packages as a result of the disiplinary proceedings of May 22, 2010.
>
> 13. The imposition of this penalty constituted an atypical and signficant hardship.

Dkt. #48.

## DISCUSSION AND ANALYSIS

In support of the motion to dismiss, defendants argue that plaintiff has included claims which were previously dismissed by the Court and added new defendants and claims unrelated to the due process claim permitted by Judge Arcara's Decision and Order. Dkt. #50-1, pp.3-4. Specifically, defendants oppose plaintiff's attempt to "shoe horn a retaliation claim into the Amended Complaint under the guise of a substantive due process claim." Dkt. #56, p.3.

Plaintiff responds that he understands that the Court's Decision and Order limited his amended complaint to a claim of denial of due process, but asserts that it is necessary to allege issues raised in the prior complaint so as to relate the current claims back to the initial violations. Dkt. #55, p.2. Plaintiff also argues that all of the defendants were actively involved in the alleged violation of his right to due process.

Dkt. #55, p.2.  For example, plaintiff argues that C.O. Croston and C.O. Rynlewicz "are the main reasons why the plaintiff was not allowed to attend the hearing."  Dkt. #54, ¶ 4.

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted."  *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 98-CV-838, 2000 WL 1843282 (W.D.N.Y. Nov. 2, 2000).  The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court.  *Foman,* 371 U.S. at 182.

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs.  *Rush v. Artuz,* 00CIV3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001).  Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  "In deciding whether to allow joinder, the Court is guided by the same

standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* 98 CIV 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Business Machines, Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

It is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring. *Colon*, 58 F.3d at 873. "There is no *respondeat superior* liability in § 1983 cases." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). Thus, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Plaintiff's vague allegations that **Commissioner Brian Fischer** and **Deputy Commissioner Lucien J. LeClaire, Jr.** allowed ongoing retaliation against him are insufficient to plausibly allege their personal involvement in the alleged denial of plaintiff's due process rights during the course of the disciplinary hearing on May 22, 2010. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings

alone."). Similarly, plaintiff's allegation that **Superintendent Kirkpatrick** assigned Captain Kearney to conduct the disciplinary hearing is insufficient to plausibly allege Superintendent Kirkpatrick's personal involvement in the alleged improprieties during the disciplinary hearing. *Cf. Green,* 46 F.3d at 194 (undue delay in appointing hearing officer alleges sufficient personal involvement). Moreover, plaintiff's allegation that Superintendent Kirkpatrick is "responsible for seeing to it that Deputy Superintendent Sticht make [sic] out the appropriate double cell information sheet prior to subjecting anyone to double celling" is insufficient to impose supervisory liability.

In contrast, plaintiff has plausibly alleged that **Captain Kearney** denied plaintiff's due process right to be present at his disciplinary hearing and to call witnesses and present evidence in his defense and failed to provide plaintiff with a written statement of evidence relied on and the reasons for the disciplinary disposition imposed. *See Wolff v. McDonnell*, 418 U.S. 556-57 (1974) (inmate charged with disciplinary hearing must be given (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, call witnesses and present rebuttal evidence; and (3) a written statement by the fact finder as to the evidence relied on and the basis for the disposition); *Malik v. Tanner*, 697 F. Supp 1294, 1302 & n.12 (S.D.N.Y. 1988) (circumstances justifying exclusion of inmate from disciplinary hearing "must remain narrow" and "occur only in the unusual circumstance."). In addition, plaintiff has plausibly alleged a due process claim against Acting Director **Albert Prack**, who affirmed Captain Kearney's disposition on appeal. *See Smith v. Rosati*, 10-CV-1502, 2013 WL 1500422, *7-8 (N.D.N.Y. Feb. 20, 2013)

(collecting cases and holding that review of disciplinary proceeding is sufficient personal involvement in denial of due process claim).

However, "the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Ward v. LeClaire*, No. 07-CV-6145, 2008 WL 3851831, at *3 (W.D.N.Y. Aug. 14, 2008) (collecting cases); *Smart v. Goord*, 441 F. Supp.2d 631, 642-43 (S.D.N.Y. 2006) ("The failure of a supervisory official to investigate a letter of protest written by an inmate is insufficient to establish personal involvement."). "Personal involvement will be found, however, where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint." *Bodie v. Morgenthau*, 342 F. Supp.2d 193, 203 (S.D.N.Y. 2004), *quoting Johnson v. Wright*, 234 F. Supp.2d 352, 363 (S.D.N.Y. 2002). Inasmuch as plaintiff's hearing had been conducted prior to plaintiff's May 28, 2010 letter to the Director of SHU, **Norman Bezio** complaining about his continued confinement in SHU without a hearing or notice of extension of the deadline for conducting the hearing and inasmuch as Acting Director Prack was responsible for plaintiff's appeal of the disposition of the disciplinary hearing and responded to plaintiff's June 4, 2010 letter of appeal to Director Bezio, plaintiff's communications with Director Bezio are insufficient to plausibly allege his personal involvement in the alleged denial of due process during the course of the disciplinary hearing and its review on appeal.

Plaintiff's allegations that **C.O. Croston** and **C.O. Rynlewicz** prevented his attendance at the disciplinary hearing are sufficient to state their personal involvement in plaintiff's denial of due process claim. Similarly, plaintiff's allegations that **Lt. Keenan** and **IRC Krygier** failed to preserve the videotape of plaintiff's interaction with C.O. Croston and C.O. Rynlewicz outside of his cell prior to his disciplinary hearing on May 22, 2010, despite his timely requests that the videotape be preserved as exculpatory evidence, is sufficient to support their personal involvement in plaintiff's denial of due process claim. *See Livingston v. Piskor*, 153 Fed. Appx. 769, 2005 WL 2759805, at *2 (2d Cir. 2005) (allegation that Superintendent Kelly failed to preserve videotapes sufficient to establish personal involvement in denial of due process during the course of disciplinary hearings).

However, plaintiff's allegations that C.O. Croston and C.O. Rynlewicz issued a false misbehavior report regarding plaintiff's actions outside of his cell after being called for his disciplinary hearing on May 22, 2010 and that this misbehavior report was issued in retaliation for plaintiff filing a grievance about their conduct, fails to state a plausible claim of constitutional misconduct because even if that misbehavior report was issued in retaliation for plaintiff's grievance,[1] plaintiff was already in SHU as a result of his refusal to double bunk on May 14, 2010 and plaintiff alleges that the disciplinary hearing regarding the events of May 22, 2010 "was postponed and never

---

[1] "[T]he only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more such as 'retaliation against the prisoner for exercising a constitutional right.'" *Collins v. Ferguson*, 804 F. Supp.2d 134, 138 (W.D.N.Y. 2011), *quoting Cuasamano v. Sobek,* 604 F. Supp.2d 416, 471-72 (N.D.N.Y. 2009); *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

prosecuted" and the false misbehavior report dismissed. Dkt. #48, ¶ ¶ 19-20. Accordingly, plaintiff's allegations refute any plausible claim that plaintiff suffered an atypical and significant hardship as a result of the issuance of the allegedly false misbehavior report in retaliation for plaintiff's grievance regarding events of May 22, 2010. *See Pettus v. McGinnis*, 533 F. Supp.2d 337, 341 (W.D.N.Y. 2008) ("In order to make out a due process claim based on the issuance of a false misbehavior report, plaintiff would have to allege . . .that the issuance of the misbehavior report led to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'"), *quoting Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

## **CONCLUSION**

For the reasons set forth above, it is recommended that defendants' motion to dismiss (Dkt. #50), be granted in part. Specifically, it is recommended that defendants Fischer, LeClaire, Kirkpatrick and Bezio be dismissed from this action and that plaintiff's amended complaint be limited to a cause of action for denial of due process during the course of a disciplinary hearing on May 22, 2010 against defendants Kearney, Croston, Rynlewicz and Keenan and that Acting Director Prack and IRC Krygier be added as defendants on this cause of action.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and the attorney for the defendants.

**SO ORDERED.**

**DATED:     Buffalo, New York**
**           October 21, 2013**

                                           **s/ H. Kenneth Schroeder, Jr.**
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**